| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: <br> DISTRICT OF DELAWARE | |
| Case number *(if known)* _____  Chapter **11** | ☐ Check if this an amended filing |

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy                                06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| **1.** | **Debtor's name** | **Ryze Renewables II, LLC** | |
| **2.** | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **N/A** | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **82-2788411** | |
| **4.** | **Debtor's address** | **Principal place of business** <br><br> **5233 E. El Campo Grande Ave, Las Vegas, NV 89115** <br> Number, Street, City, State & ZIP Code <br><br> **Clark County** <br> County | **Mailing address, if different from principal place of business** <br><br> _____ <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> _____ <br> Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | | |
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ | |

Debtor **Ryze Renewables II, LLC**     Case number (*if known*) _____
     Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**3259**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check **all** that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ☒ No.
- ☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☒ Yes.

Debtor **Ryze Renewables II, LLC**  
Name

Case number (*if known*) _____

List all cases. If more than 1, attach a separate list

| | | | | |
|---|---|---|---|---|
| Debtor | **Ryze Renewables Las Vegas, LLC** | | Relationship | **Affiliate** |
| District | **Delaware** | When **The date hereof** | Case number, if known | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No  
☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.  
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____  
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No  
☐ Yes.   Insurance agency _____  
Contact name _____  
Phone _____

---

**Statistical and administrative information (on a consolidated basis)**

**13. Debtor's estimation of available funds**

*Check one:*  
☒ Funds will be available for distribution to unsecured creditors.  
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Ryze Renewables II, LLC**            Case number (*if known*) _____
         Name

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **3/9/2023**
              MM / DD / YYYY

X    **/s/ Klaus Gerber**                                      **Klaus Gerber**
     Signature of authorized representative of debtor           Printed name

Title    **Chief Restructuring Officer**


**18. Signature of attorney**    X    **/s/ Pauline K. Morgan**                Date   **3/9/2023**
                                      Signature of attorney for debtor                MM / DD / YYYY

**Pauline K. Morgan**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 N King St, Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **302-571-6600**      Email address   **pmorgan@ycst.com**

**3650, DE**
Bar number and State

| Fill in this information to identify the case: |
| --- |
| Debtor name  **Ryze Renewables II, LLC, et al.** |
| United States Bankruptcy Court for the: _____ District of  Delaware<br>(State) |
| Case number (If known): _____ |

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                        12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Georgia's Own Credit Union**<br>PO Box 105205<br>Atlanta, GA 30348 | Attn: Marla Anderson Smith<br>P: 404-874-1166<br>masmith@georgiasown.org | Unsecured Fees and Expenses Under Prepetition Term Loan Agreement | | | | $3,120,697.63 |
| 2 | **Biodiesel of Las Vegas**<br>5233 E El Campo Grande Ave<br>Las Vegas, NV 89115 | P: 702-942-4395<br>gpaulk@nclasvegas.com | Contract Counterparty | | | | $2,250,000.00 |
| 3 | **Georgia's Own Credit Union**<br>PO Box 105205<br>Atlanta, GA 30348 | Attn: Marla Anderson Smith<br>P: 404-874-1166<br>masmith@georgiasown.org | USDA Annual Loan Guarantee Fee | Disputed | | | $693,000.00 |
| 4 | **Starr Surplus Lines Insurance Company**<br>399 Park Avenue<br>8th Floor<br>New York, NY 10022 | P: 855-782-7725<br>Claims@starrcompanies.com | Insurance | | | | $140,265.00 |
| 5 | **Johnson, Kendall & Johnson, Inc.**<br>109 Pheasant Run<br>Newtown, PA 18940 | P: 215-968-4741<br>F: 215-968-0973<br>info@jkj.com | Insurance Broker Fees | | | | $47,350.00 |
| 6 | **Clark County, Nevada (Assessor)**<br>500 S Grand Central Pkwy<br>Box 551220<br>Las Vegas, NV 89155-1220 | P: 702-455-4997<br>AOCustomerServiceRequests@ClarkCountyNV.gov | Taxes and Fees | | | | $32,666.95 |
| 7 | **Clark County, Nevada (Treasurer)**<br>500 S Grand Central Pkwy<br>Box 551220<br>Las Vegas, NV 89155-1220 | P: 702-455-4323<br>F: 702-455-5969<br>trptm@clarkcountynv.gov | Taxes and Fees | | | | $19,058.56 |
| 8 | **Clark County, Nevada (Division of Air Quality)**<br>500 S Grand Central Pkwy<br>Box 551220<br>Las Vegas, NV 89155-1220 | P: 702-455-5942<br>F: 702-383-9994<br>AirQuality@ClarkCountyNV.gov | Taxes and Fees | | | | $10,504.00 |

Debtor Name  **Ryze Renewables II, LLC, et al.**              Case Number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **City of North Las Vegas** District 65 Northern Beltway Area, PO Box 842092 Los Angeles, CA 90084-2092 | P: 702-796-0082 | Taxes and Fees | | | | **$9,053.03** |
| 10 | **NC Industries, LLC** 6600 Amelia Earhart Ct. Suite C Las Vegas, NV 89119 | Attn: Nicole E. Lovelock and Andrea M. Champion P: 702-805-8450 nlovelock@joneslovelock.com; achampion@joneslovelock.com | Litigation | Contingent, Unliquidated and Disputed | | | **N/A** |
| 11 | **MMC, INC.** 6600 Amelia Earhart Court #B Las Vegas, NV 89119 | F: 702-642-9936 gpaulk@nclasvegas.com; mmc-info@nclasvegas.com | Contractor | Contingent, Unliquidated and Disputed | | | **N/A** |
| 12 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |
| | | | | | | | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RYZE RENEWABLES II, LLC, *et al.*,[1] | Case No. 23-_____ (____) |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY HOLDERS PURSUANT TO FED R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "Debtor") hereby state as follows:

1. Debtor Ryze Renewables Las Vegas, LLC is 100% owned by Debtor Ryze Renewables II, LLC ("Ryze II").

2. Debtor Ryze II is 100% owned by non-Debtor Ryze Renewables Nevada, LLC.

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Ryze Renewables II, LLC (8411) and Ryze Renewables Las Vegas, LLC (8352). The Debtors' address is 5233 E. El Campo Grande Ave., Las Vegas, Nevada 89115.

30129691.1

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Ryze Renewables II, LLC,** *et al.* |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    **Consolidated Corporate Ownership Statement and Equity Holders List**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **3/9/2023**              X  */s/ Klaus Gerber*
                                           Signature of individual signing on behalf of debtor

                                           **Klaus Gerber**
                                           Printed name

                                           **Chief Restructuring Officer**
                                           Position or relationship to debtor

I.  **Commencement and Prosecution of Bankruptcy Case**

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, the Member, the creditors of the Company, and other interested parties of the Company that a voluntary petition (a "Petition") be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") by the Company, thereby commencing a case (the "Bankruptcy Case") under the provisions of the Bankruptcy Code; and it is further

**RESOLVED**, that Klaus Gerber, the Chief Restructuring Officer of the Company, and any other officer of the Company (each, an "Authorized Person") be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of the Company, to execute, acknowledge, deliver, and verify the Company's Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Authorized Person may determine; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered on behalf of the Company, to execute, acknowledge, deliver, verify, and file any and all pleadings, petitions, schedules, statements of affairs, lists, and other papers and to take any and all related actions that such Authorized Person may deem necessary or proper in connection with the filing of the Petition and commencement and prosecution of the Bankruptcy Case; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as such Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Company; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, including, but not limited to, opening and closing of bank accounts, as in the judgment of such Authorized Person, shall be necessary, proper, and desirable to prosecute to a successful completion the Bankruptcy Case and to effectuate the restructuring or

30180091.2

liquidation of the Company's debt, other obligations, organizational form and structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transaction contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

## II. Retention of Professionals

**RESOLVED**, that each of the law firms of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") and Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be, and hereby is, authorized, directed, and empowered to represent the Company as general restructuring and bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of each of Paul, Weiss and Young Conaway; and it is further

**RESOLVED**, that the law firm of Stinson LLP ("Stinson") be, and hereby is, authorized, directed, and empowered to represent the Company as special construction counsel; and in connection therewith, each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Stinson; and it is further

**RESOLVED**, that Alvarez & Marsal North America, LLC ("A&M") be, and hereby is, authorized, directed, and empowered to provide the Company with a chief restructuring officer and support personnel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of A&M; and it is further

**RESOLVED**, that Guggenheim Partners, LLC ("Guggenheim") be, and hereby is, authorized, directed, and empowered to serve as investment banker to

assist the Company in connection with the sale of the Company's assets and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate motion for authority to retain the services of Guggenheim; and it is further

**RESOLVED**, that Stretto be, and hereby is, authorized, directed, and empowered to serve as the notice, claims, solicitation and balloting agent, and administrative advisor in connection with the Bankruptcy Case; and in connection therewith, each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Stretto; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment bankers to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate motion or application for authority to retain the services of such firms; and it is further

### III.     Debtor-in-Possession Financing

**RESOLVED**, that, in connection with the Bankruptcy Case, the Board has determined that it is in the best interest of the Company to enter into the post-petition lending arrangements contemplated by that certain senior secured debtor-in-possession term loan facility in an aggregate principal amount of $8,000,000 (the "DIP Financing") to be evidenced by that certain Superpriority Secured Debtor-in-Possession Secured Credit Agreement (together with the exhibits and schedules attached thereto, the "DIP Credit Agreement") by and among the Company, the other Debtors party thereto, the lenders party thereto (the "DIP Lenders"), and Georgia's Own Credit Union, as administrative and collateral agent (in such capacity, the "DIP Agent"), subject to approval by the Bankruptcy Court pursuant to interim and final orders in substantially the form attached to the DIP

Credit Agreement (the "DIP Orders"), with such changes, additions and modifications thereto as an Authorized Person shall approve; and it is further

**RESOLVED**, that the Company be, and it hereby is, authorized to execute and deliver the DIP Credit Agreement, to file any pleadings in connection with the approval of the DIP Orders, to borrow and/or guarantee, as applicable, the loans contemplated under the DIP Financing, to pay all amounts due thereunder when payable, and to secure the payment and performance of the Company's obligations and liabilities under the DIP Credit Agreement (the "DIP Obligations") by (i) pledging to the DIP Agent for the benefit of the DIP Lenders a lien or mortgage on, or security interest in, all or substantially all of the Company's assets and (ii) entering into such security agreements, pledge agreements, intercreditor agreements, mortgages, control agreements, and other agreements (including, without limitation, certificates, documents, and instruments authorized, executed, delivered, reaffirmed, verified, and/or filed in connection with the DIP Financing) as are necessary, appropriate, or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, these resolutions in such form and having such terms and conditions as are approved or deemed necessary, appropriate, or desirable by the Authorized Person executing the same (collectively with the DIP Credit Agreement, the "DIP Financing Documents"), the execution thereof by such Authorized Person to be conclusive evidence of such approval or determination; and it is further

**RESOLVED**, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of, and performance of the DIP Financing Documents, including the DIP Orders and any related pleadings, and to prepare, execute, and deliver the DIP Financing Documents to which the Company is a party, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments, and certificates as may be required by the DIP Agent or required by the DIP Financing Documents; and it is further

**RESOLVED**, that the Board has determined that the adequate protection provisions in favor of certain prepetition secured creditors being sought in connection with the DIP Financing and as reflected in the DIP Orders is necessary and appropriate in connection with the Bankruptcy Case, and the Company is authorized to take such action and to execute such documentation in connection therewith as an Authorized Person deems necessary; and it is further

**RESOLVED**, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions, including to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents and the DIP Orders, which shall, in such Authorized Person's sole judgment, be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Financing

Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is further

**RESOLVED**, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, desirable, proper, or advisable; and it is further

IV. **Sale Transaction**

**RESOLVED**, the Company is hereby authorized, directed, and empowered to initiate a comprehensive marketing and sale process, as approved by the Bankruptcy Court, to sell all or substantially all of the Company's assets and pursue negotiations with any interested parties regarding one or more sales of such assets pursuant to section 363 of the Bankruptcy Code or otherwise; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed all necessary documents (including without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, and other papers) related to any sale of the Company's assets with such changes therein and additions thereto as such Authorized Person, in its sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of such document with any changes thereto by such Authorized Person to be conclusive evidence that such Authorized Person deemed such changes or additions to meet such standard, and in connection with the Petition; and it is further

V. **General Resolutions**

**RESOLVED**, that the execution and delivery by the Company of such documents as may be required or as the Company may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as any such Authorized Person shall approve are hereby authorized, the taking or execution thereof by such Authorized Person being conclusive evidence of the approval thereof by such Authorized Person; and it is further

**RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by any manager or officer of the Company in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified, and confirmed in all respects as the acts and deeds of the Company as of the date such action or actions were taken.